## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TARA CLOTHIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| ) | |
| **TRANS UNION, LLC,** ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC., and** ) | |
| **UPSTATE COLLECTION CENTER,** ) | |
| **INC.** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT
## Preliminary Statement

1.      This is an action for damages brought by an individual consumer, Tara Clothier, against Defendants Trans Union, LLC, Experian Information Solutions, Inc., and Upstate Collection Center, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* , and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA").

## Jurisdiction and Venue

2.      Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391 (b).

## Parties

4.      Plaintiff Tara Clothier is an adult individual residing in the state of Texas.

5.      Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principle place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

7.      Defendant Upstate Collection Center, Inc. ("UCC") is a business entity and furnisher of credit information that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 1759 Union Street, Schenectady, NY 12309.  The principal purpose of Defendant, UCC, is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## Factual Allegations

8.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least October 2013 through present.

9.      The inaccurate information includes, but is not limited to, an account with UCC.

10.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12.     Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Trans Union and Experian's established procedures for disputing consumer credit information.

13.     Plaintiff has disputed the inaccurate information with Trans Union and Experian from October 2013 through the present.

14.     Notwithstanding Plaintiff's efforts, Trans Union and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.   Trans Union and Experian have repeatedly published and disseminated consumer reports to such third parties from at least October 2013 through the present.

15.     Despite Plaintiff's efforts, Trans Union and Experian have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

16.     Notwithstanding Plaintiff's disputes, UCC, Inc. has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

3

17.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

19.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### Count I – Violations of the FCRA
**(Plaintiff v. Trans Union and Experian)**

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     At all times pertinent hereto, Trans Union and Experian were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

26.     The conduct of Trans Union and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union and Experian are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count II – Violations of the FCRA
**(Plaintiff v. UCC)**

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     At all times pertinent hereto UCC was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29.     UCC violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

30.     UCC's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result UCC is liable to compensate Plaintiff for the full amount of statutory,

actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## Count III – Violations of the FDCPA
### (Plaintiff v. UCC)

31.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     Defendants, UCC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA

34.    The above disputes by Plaintiff, as well as the reporting of the inaccurate

information to credit reporting agencies by Defendant, UCC, are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35.    Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

36.    Defendant, UCC, violated  the  FDCPA. Defendant, UCC's, violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

        (a) The false representation of the amount, character or legal status of a debt;

(b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

37.     Defendant, UCC's, acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

38.     As a result of the above violations of the FDCPA, Defendant, UCC,is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## Jury Trial Demand

39.     Plaintiff demands trial by jury on all issues so triable.

## Prayer for Relief

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and 15 U.S.C. 1692k(a)(3); and

(e)    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:    _/s/ Mark D. Mailman_____
MARK D. MAILMAN
JOHN SOUMILAS
GEOFFREY H. BASKERVILLE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated:  April 10, 2014